## JOSEPH v. THE STATE.

The charge to the effect that the presumption ordinarily arising from the recent possession of goods alleged to have been stolen was not applicable to this case did not injure the accused, but was to his advantage; the charges as to reasonable doubt and the effect of circumstantial evidence were full and fair to the accused; and there was sufficient evidence to warrant the verdict.

Submitted April 28,—Decided May 12, 1900.

Certiorari. Before Judge Hart. Morgan superior court. March term, 1900.

*George & George,* for plaintiff in error.
*H. G. Lewis, solicitor-general,* and *F. C. Foster,* contra.

LEWIS, J. The accused was tried in the county court of Morgan county, under an indictment charging him with the offense of simple larceny; for that on the 12th day of November, 1897, in the county aforesaid, he took and carried away, with intent to steal the same, four buggy-wheels of the value of $15.00, being the personal goods of one Wm. Hampton. To this indictment the defendant pleaded not guilty, but upon trial before a jury in the county court was found guilty; whereupon he brought before Morgan superior court his petition for certiorari, complaining of errors on the trial of the case. The judge overruled his petition for certiorari, upon which judgment error is assigned in the bill of exceptions. It appears from the evidence in the record that Hampton, the prosecutor, was the owner of the property mentioned in the indictment, the wheels being on his buggy under his shed upon premises in Morgan county. At night some one had detached them from the buggy and carried them off. The next day he traced tracks from the shed by the residence of the accused, and beyond that residence, when he lost sight of the tracks. He afterwards offered a reward for the wheels. It seems from the testimony that one of his neighbors was approached by the accused, some time after the larceny, to sell him four wheels, and that it was agreed they should be brought to the house of this neighbor on a certain night. He thereupon informed the prosecutor he thought he could get his wheels, and invited him to his house at the time appointed for the accused to

bring the wheels.    The prosecutor and this neighbor both testi-
fied that the defendant came to the latter's premises at the time
appointed, with two wheels which the neighbor received from
him.    These wheels were identified as two of those which had
been stolen.    Accused promised to bring the other two later.    In
a few days after that, he came to the house of the neighbor, and
told him he had left the remaining two in a gully, and requested
him not to get 'them until after night.    These other two wheels
were likewise identified as the remaining two which were stolen.
The neighbor received possession of them, and delivered them to
the prosecutor.    The finding of these wheels occurred a little
over three months after the larceny.    The defendant did not seek
to make any explanation of his possession, but on the contrary
denied that he ever had possession of the wheels, or knew any-
thing about them, and denied that he was the man who carried
the wheels to the neighbor's premises.    He sought to prove that
he was not at his house, but somewhere else, during the time these
wheels were said to have been delivered.    Upon this there was
a conflict of testimony, the evidence in behalf of the prosecution
positively identifying the man from whose possession the wheels
were obtained as the defendant in this case.    It further appeared
that the defendant had no buggy, was not a dealer in such arti-
cles for sale, and stated himself that he had no use then for
buggy-wheels.

Besides the general grounds in the petition for certiorari, it is
complained that the county judge, after charging the jury that
the law presumed the defendant to be innocent, and that the bur-
den was on the State to establish his guilt beyond a reasonable
doubt, erred in charging the jury as follows : " But there is a class
of cases in which this burden is shifted; it is that class in which
the State shows recent possession of goods proved to have been
stolen; but that principle does not apply in this case. "    We are
inclined to think that under the facts and circumstances in this
case this was error.    The law does not specify what particular
time would constitute recent possession of stolen goods.    It is
true that over three months had elapsed before this property
was found in the possession of the accused, but then there was
no effort upon the part of the accused to explain such possession.

On the contrary, he denied ever having been in possession, and his sole defense was based upon this issue. Besides, it appears, he had no use for buggy-wheels. In the light of these circumstances, notwithstanding the lapse of time that had intervened after the larceny, we think the court erred in the instruction given. But this error was manifestly in favor of the accused, and, of course, is no ground for granting him a new trial.

Another ground of exception in the petition for certiorari was, that the court should have instructed the jury that the possession of the stolen goods in this case was not of such recent date as to constitute any proof of guilt, but was only a circumstance which they might consider with other circumstances, if any, in reaching a conclusion. Upon examining the charge of the judge he seems to have gone upon this theory in his charge to the jury, and treated that fact in the case only as a circumstance for their consideration, and not as a presumption of guilt. His charge upon the subject of reasonable doubt and the effect of circumstantial evidence, we think, was full and entirely fair to the accused. The evidence in behalf of the State was evidently believed by the jury, and was amply sufficient to sustain their verdict. In the light of the record, therefore, we think the court did right in overruling the petition for certiorari.

*Judgment affirmed. All concurring, except Fish, J., absent.*